Clement & Murphy
PLLC

January 10, 2025

**Via CM/ECF**

Anastasia Dubrovsky
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

   Re: *United States v. Regeneron Pharmaceuticals, Inc.*, No. 23-2086

Dear Ms. Dubrovsky:

   Defendant-Appellee Regeneron Pharmaceuticals, Inc., writes to bring to the Court's attention a recent opinion issued by Judge Saris in *Omni Healthcare, Inc. v. MD Spine Solutions LLC*, No. 18-cv-12558-PBS, 2025 WL 32676 (D. Mass. Jan. 6, 2025). That case, like this one, featured a False Claims Act ("FCA") theory premised on an alleged violation of the Anti-Kickback Statute ("AKS"). *Id.* at *7. "The parties dispute[d]" what kind of causal connection—but-for causation or something less demanding—is required to show that a claim "'result[ed] from a violation of [the AKS].'" *Id.* at *8 (final alteration in original) (quoting 42 U.S.C. §1320a-7b(g)). Consistent with Judge Saylor's conclusion below and Regeneron's arguments on appeal here, Judge Saris held "that the 'resulting from' language in § 1320a-7b(g) requires a plaintiff to show that the AKS violation was a but-for cause of the inclusion of the item or service in a claim for payment." *Id.* As Judge Saris explained, "construing 'resulting from' to mandate a showing of but-for causation is consistent with basic principles of statutory interpretation," whereas "the Third Circuit's approach," under which exposure to an allegedly tainted claim suffices, is not. *Id.* at *7-9; *see United States ex rel. Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 96 (3d Cir. 2018). What is more, as Judge Saris aptly put it, "[t]here is 'no textual or contextual indication' that Congress intended to give a different meaning to the phrase 'resulting from' in § 1320a-7b(g)." *Omni Healthcare*, 2025 WL 32676, at *9.

   Judge Saris also explicitly rejected the argument that the government has advanced here that *Guilfoile v. Shields*, 913 F.3d 178 (1st Cir. 2019), "reached a binding holding adopting the Third Circuit's approach." *Omni Healthcare*, 2025 WL 32676, at *8. Rather, she observed that *Guilfoile* went out of its way *not* to "define what type of causal connection is 'sufficient'" under §1320a-7b(g). *Id.* (quoting *Guilfoile*, 913 F.3d at 190). Given Judge Saris' extensive experience with FCA litigation, her opinion adds persuasive force to the parallel judgments reached by the Sixth and Eighth Circuits and Judge Saylor below.

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

                                        Respectfully submitted,

                                        <u>s/Paul D. Clement</u>
                                        Paul D. Clement
                                        CLEMENT & MURPHY PLLC
                                        706 Duke Street
                                        Alexandria, VA 22314
                                        (202) 742-8900
                                        paul.clement@clementmurphy.com

Cc: All counsel of record (*via CM/ECF*)